# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-2380

_____

United States of America,                          *
                                                   *
                    Appellee,                      *
                                                   *    Appeal from the United States
           v.                                      *    District Court for the Western
                                                   *    District of Missouri.
John D. Bratton,                                   *         [UNPUBLISHED]
                                                   *
                    Appellant.                     *

_____

Submitted:  July 7, 2005
    Filed:   July 26, 2005

_____

Before WOLLMAN, MURPHY, and BENTON, Circuit Judges.

_____

PER CURIAM.

     John Bratton appeals the sentence the district court[1] imposed after he pleaded
guilty to two counts of bank robbery, in violation of 18 U.S.C. § 2113(a).  After
moving to withdraw and filing a brief under Anders v. California, 386 U.S. 738
(1967), Bratton's counsel, with this court's permission, filed a supplemental brief
raising an argument based on United States v. Booker, 125 S. Ct. 738 (2005), and
requesting oral argument; the government has filed a responsive brief.  We deny the
request for oral argument, grant counsel's motion to withdraw, and affirm.

_____

     [1]The Honorable Scott O. Wright, United States District Judge for the Western
District of Missouri.

At sentencing, over Bratton's objection, the district court determined that he was a career offender under U.S.S.G. § 4B1.1. The court also denied Bratton's motion for a downward departure based on a criminal history score that Bratton argued over-represented the seriousness of his past conduct.

As he did below, Bratton argues that one of the convictions on which his career-offender classification was based should not count as a qualifying conviction for career-offender purposes. Bratton was convicted in Kansas in 1992 for "attempt to possess marijuana with intent to sell." He argues that the conviction should not count because it was an attempted crime only and involved Bratton's possession of only 29 grams of marijuana, which he intended to use personally. We agree with the district court that these arguments are unavailing. See U.S.S.G. § 4B1.2(b) & comment. (n.1) (defining "controlled substance offense" to include attempted possession with intent to distribute); United States v. Hernandez, 309 F.3d 458, 462 (7th Cir. 2002) (rejecting argument that conviction for possession of cocaine with intent to sell should not be counted under career-offender Guideline because conviction was 10 years old and involved "very small amounts of the drug"). As for the district court's denial of Bratton's downward-departure motion, such denial is unreviewable. See United States v. Mohr, 407 F.3d 898, 902 (8th Cir. 2005) (per curiam) (denial of downward departure based on over-representative criminal history is unreviewable where district court was aware of its authority to depart).

Bratton did not preserve his Booker argument, and we conclude that he cannot show plain error. See United States v. Pirani, 406 F.3d 543, 549-50, 552-53 (8th Cir. 2005) (en banc) (preservation of Booker error; plain-error standard of review). The judgment is affirmed.

_____